HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant

FILED
DISTRICT COURT OF GUAM
OCT 21 2005 9f
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( ) | Criminal Case No. 03-00108 |
| Plaintiff, | ( ) | OBJECTIONS TO PRE-SENTENCE REPORT |
| vs. | ( ) | |
| CHANH DIHN NGUYEN, also known as Chris, | ( ) ( ) | |
| Defendant. | ( ) | |

------------

I

Paragraph 28 of the presentence report states, "The defendant was arrested on November *14*, 2003 by special agents of U.S. Immigration and Customs Enforcement, the Drug Enforcement Administration, and the Guam Police Department." (Emphasis added.)

(OBJECTIONS TO PRESENTENCE REPORT)
Criminal Case No. 03-00108

Nguyen objects thereto.

Nguyen was arrested on November *13*, 2003. (Presentence Rep. para. 35 (dated Oct. 7, 2005).)

II

With respect to adjustments to the offense level based upon the role Nguyen played in committing the offense of conspiracy to distribute a controlled substance, Paragraph 62 of the presentence report states, "None."

Nguyen objects thereto.

Nguyen was substantially less culpable than the average participant. Nguyen was nothing more than a courier. (Presentence Rep. paras. 35-46 (filed Oct. 7, 2005).) Accordingly, Nguyen was a minor participant in the criminal activity, and the offense level must be decreased by 2 levels. (U.S.S.G. § 3B1.2(b) & comment. (nn.3(A), 5).)

III

Paragraph 58 of the presentence report states, "The 2004 edition of the *United States Sentencing Commission Guidelines Manual* was used in this case."

Nguyen objects thereto.

2

(OBJECTIONS TO PRESENTENCE REPORT)
Criminal Case No. 03-00108

Use of the 2004 edition would violate the Ex Post Facto Clause of the United States Constitution. The offense of conspiracy to distribute a controlled substance was committed "up to and including November 13, 2003." (Information at 1 (filed Dec. 24, 2003).) Hence the guidelines manual in effect when that offense was committed is the 2003 edition. The 2003 edition provides "that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level *30*." (U.S.S.G. § 2D1.1 (a)(3) (Nov. 2003).) The 2004 edition provides "that if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) [Drug Quantity Table] is . . . (ii) . . . level *36*, decrease by *3* levels . . . ." (U.S.S.G. § 2D1.1(a)(3) (Nov. 2004).) Accordingly, the 2003 edition must be used. (U.S.S.G. § 1B1.11 (b)(1).)

IV

A base offense level of 30 (U.S.S.G. § 2D1.1(a)(3) (Nov. 2003)); decreased by 2 levels for meeting the criteria set forth in U.S.S.G § 5C1.2(1)-(5) (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) (U.S.S.G. § 2D1.1(b)(6) (Nov. 2003)) (Presentence Rep. para. 60 (dated Oct. 7,

3

2005)); decreased by 3 levels for acceptance of responsibility (U.S.S.G. § 3E1.1) (Presentence Rep. para. 74 (dated Oct. 7, 2005)("An additional one level decrease may be applied if the government motions [sic] for such decrease under § 3E1.1(b)")); and decreased by 2 levels for mitigating role (U.S.S.G. § 3B1.2(b)), results in an adjusted offense level of 23. The applicable guideline range for an adjusted offense level of 23 is 46 to 57 months. (U.S.S.G. ch. 5, pt. A.)

V

An evidentiary hearing is requested. The time required for such hearing is approximately 30 minutes. The evidence to be produced includes the testimony of Nguyen.

Dated, Hagåtña, Guam,

October 21, 2005.

Respectfully submitted,

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant

(DOCUMENT\ObjtopsrCNguyen)

4

## DECLARATION OF SERVICE

I, Leilani D. Ada, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on October 21, 2005, I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2005, at Hagåtña, Guam.

*Leilani D. Ada*
LEILANI D. ADA

## DECLARATION OF SERVICE

I, Leilani D. Ada, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on October 21, 2005, I served the document to which this declaration is annexed on Carleen G. Borja, United States Probation Officer, the person charged with conducting the presentence investigation in this proceeding, by leaving a copy thereof at 2nd Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2005, at Hagåtña, Guam.

*Leilani D. Ada*
LEILANI D. ADA