LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 03-00108 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | GOVERNMENT'S SUPPLEMENTAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT |
| CHANH DIHN NGUYEN a/k/a CHRIS, | ) | |
| Defendant. | ) | |

Comes now the United States and supplements its response to the Presentence Investigation Report (PSR) with the following comments:

Paragraph 62 of the PSR should reflect that defendant qualifies for a two-level minor role reduction under U.S.S.G. § 3B1.2(b) based upon his relative minor culpability in the larger context of the drug conspiracy. To determine culpability, a defendant's conduct is assessed against that of his co-participants in the offense. United States v. Rojas-Millan, 234 F.3d 464, 473 (9th Cir. 2000). The Offense Conduct portion of the PSR reflects that defendant's conduct appears consistent with a two-level decrease for a minor role, since he was less culpable than other participants such as Kong Kwok Chan and Thu Loan Thai Dang. Although defendant was involved in a conspiracy to

distribute over 50 grams of methamphetamine hydrochloride, the Ninth Circuit has noted that possession of a large amount of drugs does not necessarily foreclose the availability of a minor participant adjustment. See United States v. Webster, 996 F.2d 209, 212 n.5 (9th Cir. 1993)(finding that defendant carried a substantial amount or two gallons of phencyclidine (PCP) in his suitcase would foreclose a minimal participant adjustment, although "it does not prevent an adjustment for minor participant"); United States v. Felix, 87 F.3d 1057, 1061 (9th Cir. 1996)(affirming court's finding that defendant was a minor rather than a minimal participant where defendant delivered approximately five kilograms of cocaine to undercover officers, was present when sale was discussed and some of cocain exchanged hands for sampling, and left with remaining cocaine to place them in storage pending next meeting).

Under the 2003 Sentencing Guidelines and after adjustments, the adjusted offense level should be Level 23 with Criminal History Category I, which yields an applicable guideline range of 46 to 57 months.

Dated this 9th day of November 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

2